1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

TRACYE BENARD WASHINGTON,

12

Plaintiff,

13

v.

14

A. CASTILLO, et al.,

15

Defendants.

16

Case No.: 1:23-cv-01095-SKO (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

(Doc. 2)

**14-DAY OBJECTION DEADLINE**

Clerk of Court to Assign District Judge

17

18

I.      **BACKGROUND**

19

Plaintiff Tracye Benard Washington initiated this action with the filing of his complaint

20

on July 14, 2023. (Doc. 1.) That same date, he filed a motion to proceed *in forma pauperis*

21

("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2.)

22

In his IFP motion, Plaintiff states he is not currently employed and has not received any

23

money from the following sources: a business, profession or other self-employment; rent,

24

payments, interest or dividends; pensions, annuities or life insurance payments; or disability or

25

workers compensation payments. (*Id*. at 1.) Plaintiff indicates he does receive money in the form

26

of gifts or inheritances, and he has received about "$80.00 from family member." (*Id*.) Plaintiff

27

also states he has approximately $6,500 in cash. (*Id*. at 2.) He does not own any real estate,

28

stocks, bonds, securities, or other financial instruments, automobiles or other valuable property,

1   and denies having any other assets. (*Id*.) Finally, Plaintiff indicates no other individual is

2   dependent upon him for support. (*Id*.)

3        According to the certified account statement submitted by the California Department of

4   Corrections and Rehabilitation, Plaintiff had $8,378.16 in his inmate trust account as of January

5   1, 2023. (Doc. 8.) As of July 24, 2023, Plaintiff had $6,687.21 in his trust account. (*Id*.) Plaintiff

6   has no outstanding restitution fines nor are there any other obligations on his account. (*Id*. at 2.)

7   **II.    DISCUSSION**

8        Proceeding IFP "is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.

9   1965). Although an IFP applicant need not be "destitute," a showing of indigence is required.

10   *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339-40 (1948) (recognizing that an

11   ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient).

12   Thus, a plaintiff must allege indigence "with some particularity, definiteness and certainty"

13   before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

14   Prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials

15   of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002).

16        The courts are inclined to reject IFP applications where an applicant can pay the filing fee

17   with an acceptable sacrifice to other expenses. *See, e.g*., *Casey v. Haddad*, No. 1:21-CV-00855-

18   SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), report and recommendation

19   adopted, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021)

20   (finding prior balance of $1000, despite being decreased to $470 shortly before filing action

21   sufficient to pay $402 filing fee); *Riddell v. Frye*, No. 1:21-CV-01065-SAB-PC, 2021 WL

22   3411876, at *1 (E.D. Cal. July 9, 2021), report and recommendation adopted, No. 1:21-CV-

23   01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021) (finding available balance of

24   $1297.21 sufficient to pay $402 filing fee and denying IFP); *Allen v. Kelly*, 1995 WL 396860 at

25   *2 (N.D. Cal. 1995) (despite plaintiff initially being permitted to proceed IFP, ordering plaintiff

26   to pay $120 filing fee in full out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129,

27   130 (E.D. Pa. 1982) (denying IFP because "plaintiff possessed savings of $450 and the magistrate

28   correctly determined that this amount was more than sufficient to allow the plaintiff to pay the

1  filing fee in this action").

2          Here, Plaintiff fails to show he is indigent. *Adkins*, 335 U.S. at 339-40; *McQuade*, 647

3  F.2d at 940. He can pay the filing fee without any sacrifice to other expenses. *Casey*, 2021 WL

4  2954009, at *1.

5          In sum, Plaintiff has sufficient funds to pay the filing fee for this action. Plaintiff had more

6  than adequate funds—at least $6,943.61— to pay the filing fee when he filed his motion to

7  proceed IFP on July 14, 2023, and he had significantly more than that amount as of January 2023.

8          **III.      ORDER AND RECOMMENDATIONS**

9          The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

10         Further, for the reasons stated above, the Court **RECOMMENDS** that:

11         1.  Plaintiff's motion to proceed IFP (Doc. 2) be **DENIED;** and

12         2.  Plaintiff be ordered to pay the $402.00 filing fee in full.

13         These Findings and Recommendations will be submitted to the district judge assigned to

14  this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

15  Findings and Recommendations, a party may file written objections with the Court. The

16  document should be captioned, "Objections to Magistrate Judge's Findings and

17  Recommendations." Failure to file objections within the specified time may result in waiver of

18  rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

19  *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21  IT IS SO ORDERED.

22  Dated:   **July 24, 2023**                            */s/ Sheila K. Oberto*

23                                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28
                                        3