UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. CASTILLO, et al.,<br><br>　　　　Defendants. | Case No.: 1:23-cv-01095-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR OTHER INJUNCTIVE RELIEF**<br><br>(Doc. 16)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Tracye Benard Washington is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　INTRODUCTION**

On November 20, 2023, Plaintiff filed a document titled "Plaintiff's Request for Temporary Restraining Order-Injunctive Relief Pending Litigation of This Civil Action FRCP Rule 65(a)." (Doc. 16.) Plaintiff states he was housed in Short Term Restricted Housing ("STRH") at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California, for an eight-month period. (*Id*. 1-2.) Of the one hundred available cells in the STRH unit, only two were designed to accommodate prisoners who require the use of a wheelchair full time. (*Id*. at 2.) Because Plaintiff suffers from a number of maladies, including asthma, sickle cell disease and a bone disease causing paralysis, he uses a wheelchair. (*Id*. at 1.) Plaintiff contends the ventilation in STRH cells 148 and 149 is deficient because it does "not move adequate amounts of air into

1   and out of the cell." (*Id*. at 2.)

2         Plaintiff tested the strength of air flow "by placing a four-by-four square piece of tissue in
3   front of the vents to determine how strong the air into the cell was blowing by whether the tissue
4   would ride the wind-flow like a flowing cape, and how strong the vent was removing the air by
5   whether the tissue would stick to the vent by suction." *(Id.)* He asserts that temperatures in those
6   cells "can soar" in the summer months and inadequate ventilation means the cells do not cool. (*Id*.
7   at 3.) Plaintiff contends a lack of or poor oxygen "can lead to a stroke and death in Plaintiff's case
8   as well as those similar situated." (*Id*.) Plaintiff alleges that when those conditions are combined
9   with a COVID-19 infection, "death is just around the corner." (*Id*.) Plaintiff states he experienced
10  that "during his eight month involuntary housing in STRH until the effects led to his desperate
11  actions…in seeking medical aid." (*Id*.) Plaintiff contends discovery will show "the maintenance
12  of the STRH ventilation malfunctioning over a [lengthy] period will prove that this building is not
13  safe for housing Plaintiff or any other prisoner who suffers from similar health conditions and is
14  elderly or in poor health." (*Id*.) Plaintiff states he is no longer housed in the STRH unit at SATF,
15  but is nevertheless seeking (1) a hearing where the Court appoints its own experts and allows the
16  parties to provide evidence, and (2) a court order "that CDCR/SATF and all similarly affected
17  prisoners be barred from being housed in a STRH housing unit that does not have: (a) Adequate
18  ventilation …; (b) Filtered air to prevent Valley Fever dust, [particles], recirculated air from
19  within the units; (c) Sufficient outlets in the cells for C-Pap machines and oxygen tanks exclusive
20  of the outlets for prisoner personal appliances; (d) Prohibit the restriction-as a disciplinary
21  punishment-of prisoners in STRH in cell use of the Global-Tell-Link Tablet Phone App in order
22  that they have the ability to seek emergency aid should custody staff as in Plaintiff's case refuse
23  to summon aid, or, Order that 'Medical Emergency' tab be added to the CDCR Prisoners Global
24  Tel Link Tablets…" (*Id*. at 4.)

25  //
26  //
27  //
28  //

2

## II. DISCUSSION

### A. Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See also Miller v. French*, 530 U.S. 327, 333 (2000) (the PLRA "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities").

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

//

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

3

1    A "federal court may issue an injunction [only] if it has personal jurisdiction over the
2  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of
3  persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n
4  injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . .
5  and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible
6  breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting
7  *Zepeda*, 753 F.2d at 727, 728 n.1).
8  dismissed.

### B. Analysis

For the reasons discussed below, Plaintiff's request for preliminary injunctive relief should be denied.

#### The Likelihood of Success on the Merits

In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Castillo-Barajas, a correctional officer at SATF. Although Plaintiff's complaint has been screened and service of process is ongoing, the likelihood of success on the merits cannot be determined. The plausibility or cognizability of Plaintiff's claim does not mean his claim is likely to succeed on the merits. Moreover, whether Defendant Castillo-Barajas was deliberately indifferent to Plaintiff's serious medical needs does not necessarily involve the adequacy of the ventilation in Plaintiff's cell at the time of the incident giving rise to this litigation.

In sum, Plaintiff has not demonstrated he is likely to succeed on the merits of his claim.

#### Irreparable Harm

"The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation

omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Here, Plaintiff is no longer housed in a STRH unit cell or even at SATF. Rather, he is presently housed at another institution: Kern Valley State Prison. At best,

Plaintiff has not demonstrated irreparable harm. He has only demonstrated a possibility of irreparable harm and there is no real or immediate threat Plaintiff will be wronged again. *Winter*, 555 U.S. at 20; *Lyons*, 461 U.S. at 111; *Alliance*, 632 F.3d at 1131.

A Balance of Equities and the Public Interest

Plaintiff has not established that the balance of equities tips in his favor or that the injunction he seeks is in the public's interest. Even assuming Plaintiff met these two *Winter* factors, he has not met all four required factors given the Court's findings regarding the likelihood of success on the merits and irreparable harm. *Winter*; 555 U.S. at 20.

Additional Considerations

As noted above, a federal court may issue an injunction where it has personal jurisdiction over the parties and subject matter jurisdiction over the claim. *Zepeda*, 753 F.2d 719, 727 (9th Cir. 1983). Here, Plaintiff seeks an injunction directed to "CDCR/SATF," and potentially other institutions. The Court does not have personal jurisdiction over the California Department of Corrections and Rehabilitation or its institutions. Moreover, an injunction must be narrowly tailored and should remedy only specific harms shown by Plaintiff rather than "enjoin all possible breaches of the law.'' *Price*, 390 F.3d at 1117. Plaintiff's request is not narrowly tailored and seeks to enjoin purported breaches of the law beyond those at issue in this case.

In sum, Plaintiff is not entitled to the injunctive relief he seeks.

**III.  CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motion or request for a temporary restraining order or other injunctive relief (Doc. 16) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The

5

document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 12, 2024**                         /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE

6