# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>A. CASTILLO, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-1095 JLT SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR OTHER INJUNCTIVE RELIEF<br><br>(Doc. 24) |

Tracye Benard Washington seeks to hold the defendant liable for deliberate indifference to his serious medical needs pursuant to 42 U.S.C. § 1983. Plaintiff seeks a temporary restraining order or other injunctive relief related to his housing, asserting the ventilation was deficient in the Short-Term Restricted Housing at the Substance Abuse Treatment Facility in Corcoran, and this puts his health at risk. (Doc. 16.)

The magistrate judge found Plaintiff failed to show a temporary restraining order or injunctive relief was proper. (Doc. 24 at 4-5.) The magistrate judge observed that "Plaintiff is no longer housed in a STRH unit cell or even at SATF," and is now at Kern Valley State Prison. (*Id.* at 5.) The magistrate judge found Plaintiff "only demonstrated a possibility of irreparable harm and there is no real or immediate threat Plaintiff will be wronged again." (*Id.*) Further, the magistrate judge determined Plaintiff failed to demonstrate a likelihood of success on the merits. (*Id.* at 4, 5.) Accordingly, the magistrate judge recommended Plaintiff's request for a temporary

restraining order or other injunctive relief be denied. (*Id*. at 5.)

Plaintiff filed objections to the Findings and Recommendations. (Doc. 27.)  He maintains the Court should issue "temporary injunctive relief, to prohibit housing of all inmates who shared the same medical and physical conditions as Plaintiff from being housed in SATF Ad-Seg Unit until such time as STATF/CDCR modified conditions in this unit…." (*Id.* at 2.)  Plaintiff contends that because the magistrate judge previously found his claims were "plausible," at the screening stage, "he has also made a meritorious claim for injunctive relief."  (*Id.* at 3.)

Although the Court found Plaintiff stated a cognizable claim at the screening stage— where the Court must assume all allegations are true— this does not determine whether there is a likelihood of succeeding on the merits.  *See, e.g., Porter v. Rivas,* 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("[a]likelihood of success on the merits determination is not the same as that required at screening").  He has not identified any evidence, at this juncture, that would show he is likely to succeed on the merits.

Moreover, Plaintiff does not contest the determination that he, personally, does not have substantial risk of serious physical harm.  In his status as a *pro se* litigant, Plaintiff lacks standing to bring claims on behalf of other prisoners.  *See Jorss v. Schwarzenegger*, 168 Fed. App'x 825, 826 (9th Cir. 2006) (finding a "district court properly dismissed the complaint because a plaintiff acting pro se cannot represent others"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself") (internal quotations and citation omitted); *see also Jorss v. Schwarzenegger*, 168 Fed. App'x 825, 826 (9th Cir. 2006) (finding the district court properly dismissed the complaint because the pro se prisoner plaintiff could not represent others).  It follows that Plaintiff lacks standing to pursue injunctive relief on behalf of other inmates.

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued February 12, 2024 (Doc. 24) are

      **ADOPTED** in full.

2. Plaintiff's motion or request for a temporary restraining order or other injunctive relief (Doc. 16) is **DENIED**

3. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 1, 2024**

                                                    UNITED STATES DISTRICT JUDGE