1
2
3
4
5
6
7

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 TRACYE BENARD WASHINGTON, | Case No.: 1:23-cv-01095-JLT-SKO (PC) |
| 12 Plaintiff, | **ORDER GRANTING DEFEFNDANT'S MOTION FOR A STAY OF THESE PROCEEDINGS** |
| 13 v. | |
| 14 A. CASTILLO, et al., | (Doc. 49) |
| 15 Defendants. | |

Plaintiff Tracye Benard Washington is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendant Castillo.

**I.      INTRODUCTION**

On September 10, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 48.) On October 28, 2024, Defendant filed a Motion for Temporary Stay Pending Settlement Conference Before Judge Illman U.S. District Court Northern District. (Doc. 49.)

**II.     DISCUSSION**

*Defendant's Motion*

Defendant seeks a temporary stay of these proceedings to allow the parties to participate in a settlement conference scheduled in two actions Plaintiff filed in the Northern District of

1   California.¹ (Doc. 49.) Defense counsel received correspondence from Plaintiff on October 22,
2   2024, "requesting 'a possible settlement'" and indicating a settlement conference had been set for
3   November 4, 2024, in *Bernard v. Serrato, et al*., case number 5:22-cv-05831-BLF and *Bernard v.*
4   *SVSP, et al.*, case number 5:22-cv-05832-BLF. (Doc. 49-1, ¶ 2.) Counsel states Plaintiff offered
5   to settle this case, "welcoming declarant to participate at the settlement conference in the
6   Northern District cases." (*Id*., ¶ 3.)
7         Deputy Attorney General Ryan Gille, defense counsel in the Northern District cases,
8   secured a continuance of the settlement conference in those actions to November 14, 2024. (*Id*., ¶
9   4.) Counsel states it is her understanding that "Judge Illman has agreed to allow Defendant A.
10  Castillo to participate in the settlement conference in an attempt to reach a global settlement of all
11  three cases." (*Id*.) Lastly, counsel states she cannot obtain a stipulation concerning a stay from
12  Plaintiff due to his incarceration. (*Id*., ¶ 5.)

13        ***Applicable Legal Standards and Analysis***

14        The district court "has broad discretion to stay proceedings as an incident to its power to
15  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*
16  *American Co*., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature."
17  *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066-67 (9th Cir. 2007).
18  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.
19  *Yong v. I.N.S*., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden
20  of establishing the need to stay the action.  *Clinton*, 520 U.S. at 708.
21        In considering a stay of proceedings, a court must the weigh competing interests that will
22  be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may
23  result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being
24  required to go forward; and (3) the orderly course of justice measured in terms of simplifying or
25  complicating of issues, proof, and questions of law which could be expected to result from a stay.
26  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55)).

---

[1] Defendant's motion references both a "stay of this matter" (Doc. 49 at 1) and a "temporary stay of the Scheduling Order" (*id*. at 2). The Court construes the motion to seek a stay of the instant action.

Here, considering the possible damage that might result from granting a stay of this action, the Court finds little risk. Discovery has only recently begun, and a brief stay of these proceedings will simply suspend the discovery period until the parties are able to participate in a settlement conference in the actions now pending in Northern District. If the parties do not reach a settlement, the Court will lift the stay of these proceedings and discovery will resume. If a settlement is reached, this action would be dismissed by way of stipulation to voluntary dismissal, and discovery deadlines would be immaterial. No party is disadvantaged by the requested stay.

Next, considering the hardship or inequity which a party might suffer in being required to go forward, the Court finds no hardship or inequity to either party. Both parties are willing to participate in the Northern District proceedings according to defense counsel's declaration supporting the instant motion. Finally, the Court finds the orderly course of justice favors a stay of these proceedings because the parties' participation in a global settlement effort may result in a dismissal of this action. In any event, a stay of these proceedings would not complicate the issues, proof, or questions of law. *CMAX, Inc.*, 300 F.2d at 268.  Defendant's requested stay of these proceedings is also limited to the period it will take for the parties to settle this action before Judge Illman in the Northern District of California on November 14, 2024. Thus, it is neither indefinite nor especially long. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67; *Yong*, 208 F.3d at 1119.

### III.    CONCLUSION AND ORDER

Based upon the foregoing, the Court **ORDERS** as follows:

1. Defendant's motion for a temporary stay (Doc. 49) is **GRANTED**;
2. This action is **STAYED** pending the parties' participation in a settlement conference before Judge Illman in the Northern District of California and global settlement efforts involving this action and two actions pending in the Northern District of California; and

//
//
//

3. **Within 30 days** of the date of this order, Defendant **SHALL** file a status report setting forth the outcome of the November 14, 2024, settlement conference proceedings and the parties' future expectations.

IT IS SO ORDERED.

Dated:   **October 29, 2024**          /s/ *Sheila K. Oberto*          
                                        UNITED STATES MAGISTRATE JUDGE

4